In the Matter of the Accounting of JAMES F. CONNER, as Executor of WILLIAM B. CONNER, Deceased.

Surrogate's Court, Monroe County, January 15, 1948.

*Charles B. O'Connell* for James F. Conner, as executor of William B. Conner, deceased, petitioner.

*Joseph McLean* for Delia A. Conner, respondent.

WITMER, S.   Respondent has filed objections to the items of credit which the executor claims in his supplemental account for payment of the 1946 Federal income tax in the sum of $556.34, and of the 1946 State income tax in the sum of $40.98.   It appears that the testator was a physician and at his death had accounts receivable amounting to three or four thousand dollars.   In the inheritance tax returns the executor properly included the estimated value of these accounts receivable as a part of the testator's gross estate, upon which estate taxes were paid to the State and Federal Governments.   (Tax Law, § 249-r; Internal Revenue Code, § 811 [U. S. Code, tit. 26, § 811].)

It appears that the testator in his lifetime made his income tax returns upon a cash basis. After the year 1946, the executor reported to the State and Federal Governments respectively, on their appropriate income tax forms, the amount of the accounts receivable which were actually collected in 1946, and paid the required income taxes thereon. Respondent contends that such payments amount to double taxation, that they were improperly made, and that the executor should be surcharged therefor. She cites no authority to support her position.

It is clear that had the testator lived a year longer and collected the said accounts receivable in 1946, he would have been required to pay an income tax thereon; and unless he disposed of such assets in his lifetime, they would have been taxable in his estate. Death does not change the character of an asset. The fact that a person dies before collecting an income asset does not thereby relieve the estate from the burden of an income tax thereon when such asset is collected. Whether a particular receivable is subject to income tax depends upon the nature of the receivable. If it constitutes principal, as for money loaned, no income tax would be payable thereon when paid, except as to interest. If it constitutes income, as interest accrued or for services rendered, it is taxable as income when received (assuming a cash basis), whether the owner is dead or alive. (Tax Law, § 365; Internal Revenue Code, §§ 22, 126, subd. [a]; §§ 142, 162 [U. S. Code, tit. 26, §§ 22, 126, subd. (a); §§ 142, 162].) The income taxes for 1946 were, therefore, properly paid, and the objections are dismissed.

The executor is entitled to commissions at the rate of two per centum on the additional receipts of $750.34 shown in his account.

For legal services rendered to the estate by the executor's attorney since the accounting in December, 1946, including the collection of accounts receivable to the extent of nearly $600 after a collection agency had failed to collect them, for services in connection with the income taxes, the supplemental account and in opposing the objections filed herein, an allowance of $300 is made.

Submit decree accordingly.